IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

ELECTRONICALLY FILED
05/28/2021
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| ANDREW J. GOYSOVICH,<br><br>Plaintiff,<br><br>v.<br><br>SUPERINTENDENT SHAWN STRAUGHN, individually and in his official capacity as an administrator of the West Virginia Division of Corrections and Rehabilitation, SUPERINTENDENT KAREN PSZCZOLKOWSKI, individually and in her official capacity as an administrator of the West Virginia Division of Corrections and Rehabilitation, WEST VIRGINIA DIVISION OF CORRECTIONS AND REHABILITATION, and JOHN DOE(S), unknown person or persons,<br><br>Defendants. | Civil Action No. __3:21-CV-81__<br><br>Judge __Groh/Trumble/Sims__<br><br>**ELECTRONICALLY FILED** |

## **COMPLAINT**

AND NOW comes Plaintiff, Andrew J. Goysovich, by and through his undersigned counsel, and hereby files the following Complaint in Civil Action:

### I. **NATURE OF SUIT**

1. This is an action to redress the deprivation of Plaintiff's rights, privileges and immunities protected by the Constitution and the laws of the United States of America pursuant to Title 42, United States Code, §§ 1983 and 1988, as well as the laws and Constitution of the State of West Virginia.

2. On or about May 29, 2019, Plaintiff was brutally attacked and badly beaten resulting in serious injuries including a fractured jaw while in detention at Defendants'

correctional facility, Northern Regional Jail/Northern Correctional Facility which is located at 112 Northern Regional Correction Drive, Moundsville, West Virginia 26401.

3. Defendants' deliberate indifference, gross negligence, failure to exercise due care, reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff resulted in the brutal beating and resultant injuries in ways which will be further delineated herein.

4. Moreover, Defendants' failure to adequately train, supervisor and control the subject correctional administrators and officers, in regard to the above, similarly resulted in the brutal beating and resultant injuries in ways which will be further delineated herein.

5. Plaintiff's relief sought includes coverage afforded to Defendants by applicable liability insurance policies and as further discussed herein, Defendants violated clearly established law and violated Plaintiff's clearly established legal rights under the laws and Constitution of the United States of America and the laws and Constitution of the State of West Virginia; each such violation was a cause of and contributor to Plaintiff's damages and losses described herein.

## II. JURISDICTION

6. Jurisdiction is conferred upon this Honorable Court by Title 28, United States Code, §§1331 and 1343.

7. Plaintiff's claims for relief under the laws and Constitution of the State of West Virginia are within the supplemental jurisdiction of this Honorable Court pursuant to Title 28, United States Code, §1367.

### III. VENUE

8. Venue is proper in this Honorable Court as to all Defendants pursuant to 28 U.S.C. § 1391(b) because the events giving rise to the claims occurred within this district.

### IV. PARTIES

9. Plaintiff Andrew J. Goysovich is an adult citizen of the State of West Virginia who resides in Hancock County, West Virginia.

10. Defendant Shawn Straughn ("Defendant Straughn"), was superintendent of Northern Regional Jail/Northern Correctional Facility at the times of the events described. At all relevant times, this employee acted under the color of state law or under the direction/control of Defendant West Virginia Division of Corrections and Rehabilitation. Defendant Straughn is being sued in her official and individual capacities.

11. Defendant Karen Pszczolkowski ("Defendant Pszczolkowski"), was superintendent of Northern Regional Jail/Northern Correctional Facility at the times of the events described. At all relevant times, this employee acted under the color of state law or under the direction/control of Defendant West Virginia Division of Corrections and Rehabilitation. Defendant Pszczolkowski is being sued in her official and individual capacities.

12. Defendant West Virginia Division of Corrections and Rehabilitation is the duly constituted state government agency charged with operation of Northern Regional Jail/Northern Regional Correction facility.

13. Defendants John Doe(s) is/are an unknown individual or unknown group of individuals employed by the West Virginia Division of Corrections and Rehabilitation at the Northern Regional Jail/Northern Regional Correction facility as prison

officers/guards/supervisors at the times of the events described. At all relevant times, these officers/guards/supervisors acted under the color of state law. John Doe(s) are being sued in their official and individual capacities.

## V. STATEMENT OF FACTS

14. On May 24, 2019, Plaintiff was detained and incarcerated for public intoxication and possession of an open container containing an alcoholic beverage.

15. Following his arrest, Plaintiff was taken into custody and held at Defendants' Northern Regional Jail/Northern Correctional Facility in Moundsville, West Virginia.

16. It is believed and therefore averred that the Northern Regional Jail/Northern Correctional Facility is operated by the West Virginia Department of Corrections and Rehabilitation under Defendants' direction and is located at 112 Northern Regional Correction Drive in Moundsville, WV 26041.

17. In the early hours of May 30, 2019, while in the custody of Defendants and incarcerated at the Northern Regional Jail/Northern Correctional Facility, Plaintiff awoke from shouting, screaming and pounding on his cell doors by several very angry and aggressive inmates.

18. Plaintiff recalls that the inmates were shouting vicious threats and obscenities very loudly and terrifying Plaintiff of their intentions based on this conduct.

19. It is believed and therefore averred that the aforementioned inmates were not authorized to be outside Plaintiff's cell at that time.

20. It is believed and therefore averred that Defendants John Doe(s) were aware of the aforementioned interactions at the times and locations depicted herein.

21. It is believed and therefore averred that John Doe(s) had also developed ill-will towards the Plaintiff.

22. To Plaintiff's surprise and great misfortune, Defendant John Doe(s) response to the inmates aforementioned conduct was to open Plaintiff's cell doors and allow them access to Plaintiff.

23. Plaintiff was at the aforementioned place and time, brutally beaten by the inmates until his jaw was broken and he was knocked unconscious.

24. Plaintiff believes and therefore avers the subject attack was permitted by John Doe(s) and that the John Does knew Plaintiff would be beaten if his doors were opened.

25. It is believed and therefore averred that at the time of the attack, Plaintiff's cell door was not supposed to open at all unless permitted by John Doe(s).

26. It is believed and therefore averred that John Doe(s) allowed Plaintiff's cell door to be opened and for Plaintiff to be brutally beaten and/or killed.

27. It is believed and therefore averred that there was no other reason why Plaintiff's cell door was opened while Plaintiff slept.

28. Following Plaintiff's beating on May 30, 2019, Plaintiff awoke again—this time from losing consciousness.

29. After Plaintiff awoke again, Plaintiff became aware that his jaw had been badly broken.

30. After hours of delay, Plaintiff was transported within Defendants' facility by Defendants' staff to receive X-rays.

31. Plaintiff was also offered pain medication by Defendants' facility staff members.

32. After Plaintiff's condition was fully realized by Defendant superintendents/Defendants' staff, Defendant superintendents/Defendants' staff made the decision to transport Plaintiff to the local hospital.

33. After Plaintiff's condition and the circumstance of the beating were fully realized by Defendant superintendents/Defendants' staff, Defendant superintendents/Defendants' staff made the decision to discharge the Plaintiff from the custody.

34. Plaintiff was then transported to the local hospital by two of Defendants' staff members in an unmarked transit van.

35. Upon arrival to the hospital, Defendants' staff told Plaintiff that he was being discharged without further explanation.

36. Plaintiff was treated at Wheeling Hospital for his broken jaw which required surgical intervention.

37. Following surgery Plaintiff was admitted for over night observation and released the following day—May 31, 2019.

## **FIRST CLAIM FOR RELIEF**

38. Plaintiff incorporates all paragraphs within this Complaint as though completely enumerated herein.

39. At all times relevant herein, Plaintiff relied on John Doe(s) to protect him from attack by other inmates

40. Pursuant to the Fourteenth Amendment, Plaintiff was entitled to safe conditions during his confinement.

41. The Eighth Amendment entitled Plaintiff to be free from cruel or unusual punishment.

42. Defendants had a duty to provide necessary protection to Plaintiff from known substantial risks of harm.

43. Defendants knowingly subjected Plaintiff to a substantial risk of harm.

44. Plaintiff sustained severe and permanent injuries as a result of Defendants' failure(s) to protect him from a known risk of harm.

45. Defendants were deliberately indifferent to their duties to protect Plaintiff in the following ways:

    a. Providing other inmates access to Plaintiff's cell when Defendants knew such access would cause significant risk to Plaintiff's safety and Defendants were aware that Plaintiff would be caught by surprise;

    b. Colluding with inmates to commit assault and battery upon Plaintiff.

46. Defendants breached their duty to protect Plaintiff from attack and its employees Defendants John Doe(s) were instrumental in allowing other inmates access to Plaintiff's cell.

47. Defendants' breach of the aforementioned was a proximate cause of Plaintiff's injuries and ongoing medical expenses.

48. Defendants' breach of the aforementioned is a violation of Plaintiff's Eighth and Fourteenth Amendment rights under the West Virginia and United States Constitutions.

WHEREFORE, Plaintiff, Andrew Goysovich, respectfully requests this Honorable Court make a declaratory judgment stating the Defendants violated Plaintiff's rights, award

compensatory and punitive damages, attorneys' fees and costs in Plaintiff's favor, together with any other relief this Honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF

49. Plaintiff incorporates all paragraphs within the Complaint in this Section as though fully enumerated herein.

50. Plaintiff's rights to safe conditions during confinement were violated.

51. Defendant(s) had a duty to prevent other inmates from attacking Plaintiff and the duty to intervene to prevent the use of such force.

52. It is believed and therefore averred that Defendant(s) had a reasonable opportunity to intervene to prevent further harm to Plaintiff and simply refused to do so.

53. Defendant(s) cannot rely on inferior or non-supervisory status when assessing their respective duties to intervene.

54. Defendant(s) failed to intervene after Plaintiff was being threatened by inmates outside of his cell.

55. Defendant(s) failed to intervene after Plaintiff's cell door was opened and he was brutally beaten by fellow inmates.

56. As a result of this violation, Plaintiff sustained serious and permanent injuries that have and will cause much pain and suffering.

57. As a result of this violation, Plaintiff has and will receive medical bills and sustain certain future economic damages.

WHEREFORE, Plaintiff, Andrew Goysovich, respectfully requests this Court make a declaratory judgment stating the Defendant(s) violated Plaintiff's rights, award

compensatory and punitive damages, attorneys' fees and costs in Plaintiff's favor, together with any other relief this Honorable Court deems just and proper.

## THIRD CLAIM FOR RELIEF

58. Plaintiff incorporates all paragraphs within the Complaint in this Section as though fully enumerated herein.

59. It is believed and therefore averred, the John Doe Defendants involved received instruction/direction from a supervisory official and that this conduct, in part, lead to the violation of Plaintiff's rights.

60. It is believed and therefore averred, the John Doe Defendants involved received instruction/direction from a supervisory official who knew or should have known such instruction would lead to violation of Plaintiff's rights.

61. It is believed and therefore averred the Superintendent Defendants generally directed the John Doe Defendants *sub judice* to ignore inmate violence or knew/should have known their policy or practice with such would lead to violation of Plaintiff's rights.

62. It is believed and therefore averred the Superintendent Defendants had actual knowledge of the John Doe Defendants' violations and acquiesced in the violation and/or maintained a policy, practice or custom which directly caused the violation with deliberate indifference to its consequences.

63. Superintendent Defendants had a duty to adopt policies and practices that would not violate the rights of the public and Plaintiff.

64. Superintendent Defendants had a duty to adopt policies and practices that would not create an unreasonable risk of a violation of rights.

65. John Doe Defendants' violations of Plaintiff's constitution rights were, in part a result of the Superintendent Defendants' failure to adopt adequate policies and practices.

66. As a result of this violation, Plaintiff sustained serious and permanent injuries that have and will cause much pain and suffering.

67. As a result of this violation, Plaintiff has and will receive medical bills and sustain certain future economic damages.

WHEREFORE, Plaintiff, Andrew Goysovich, respectfully requests this Court make a declaratory judgment stating the Defendant(s) violated Plaintiff's rights, award compensatory and punitive damages, attorneys' fees and costs in Plaintiff's favor, together with any other relief this Honorable Court deems just and proper.

## **FOURTH CLAIM FOR RELIEF**

68. Plaintiff incorporates all paragraphs within the Complaint in this Section as though fully enumerated herein.

69. Superintendent Defendants have a duty to adopt a training and supervision regime that adequately meets the needs of the public and does not result in the violation of rights.

70. It is believed and therefore averred, Superintendent Defendants' training program was inadequate to train its employees to carry out their duties and that they failed to adequately supervise its employees.

71. It is believed and therefore averred, Superintendent Defendants' failure to adequately train and/or supervise amounted to deliberate indifference because John Doe Defendants' inaction resulted in a violation of Plaintiff's rights.

72. It is believed and therefore averred, Superintendent Defendants knew officers such as John Doe Defendants would confront the particular situation enumerated herein.

73. It is believed and therefore averred, the matter at hand was a matter that had a history or clear risk of being mishandled.

74. It is believed and therefore averred, the matter at hand regularly and/or frequently leads to the deprivation of rights enumerated in the United States and Pennsylvania Constitutions.

75. It is believed and therefore averred, Superintendent Defendants' failure to adequately train and/or supervise was a proximate cause of the violation of Plaintiff's rights.

WHEREFORE, Plaintiff, Andrew Goysovich, respectfully requests this Court make a declaratory judgment stating the Defendant(s) violated Plaintiff's rights, award compensatory and punitive damages, attorneys' fees and costs in Plaintiff's favor, together with any other relief this Honorable Court deems just and proper.

### FIFTH CLAIM FOR RELIEF

76. Plaintiff incorporates all paragraphs within the Complaint in this Section as though fully enumerated herein.

77. Among other protections, the Constitution of the State of West Virginia guarantees the rights of persons such as Plaintiff to be free from excessive force and the right to appropriate medical attention for persons in custody such as Plaintiff. By engaging in the wrongful conduct alleged herein, Defendants denied Plaintiff these rights, thus giving rise to claims for damages pursuant to West Virginia Code § 61-6-21.

78. West Virginia state law and common law claims and causes of action are additionally asserted by Plaintiff against Defendants as follows:

   a. tort of negligent failure to intervene on Plaintiff's behalf;

   b. tort of civil conspiracy; and

   c. common law negligence.

79. As a direct and proximate cause of the aforementioned acts of Defendants, Plaintiff was severely injured and is entitled to damages under applicable West Virginia law according to proof.

80. Defendants, each of them and/or in concert, acted in reckless and callous disregard for the constitutional rights of Plaintiff and such actions and inactions of Defendants were willful, oppressive, fraudulent and malicious.

WHEREFORE, Plaintiff, Andrew Goysovich, respectfully requests this Court make a declaratory judgment stating the Defendant(s) violated Plaintiff's rights, award compensatory and punitive damages, attorneys' fees and costs in Plaintiff's favor, together with any other relief this Honorable Court deems just and proper.

## SIXTH CLAIM FOR RELIEF

81. Plaintiff incorporates all paragraphs within the Complaint in this Section as though fully enumerated herein.

82. As a direct and proximate result of the within-described conduct of Defendants, jointly and severally, Plaintiff has suffered:

   a. extreme physical injuries;

   b. past and future medical expenses;

      c. permanent physical and cosmetic injuries;

      d. loss of Plaintiff's ability to enjoy the pleasures of life;

      e. past and future mental anguish;

      f. past and future pain and suffering;

      g. lost income, humiliation, annoyance and inconvenience; and

      h. other recoverable damages.

WHEREFORE, Plaintiff, Andrew Goysovich, respectfully requests this Court make a declaratory judgment stating the Defendant(s) violated Plaintiff's rights, award compensatory and punitive damages, attorneys' fees and costs in Plaintiff's favor, together with any other relief this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury pursuant to Federal Rules of Civil Procedure and the West Virginia Constitution.

Respectfully submitted,

**ANDREW J. GOYSOVICH**
**Plaintiff**
**By Counsel**

QUINN LOGUE LLC

By: */s/ Matthew T. Logue*
Matthew T. Logue, Esquire
WV State Bar No. 9123
matt@quinnlogue.com

200 First Avenue, Third Floor
Pittsburgh, PA 15222-1512
(412) 765-3800

RISOVICH LAW OFFICES

By: Alex Risovich, Esquire
WV State Bar No. 10866
alex.risovich@risovichlaw.com

3023 Pennsylvania Avenue
Weirton, WV 26062
(304) 723-2588

*Counsel for Plaintiff Andrew J. Goysovich*