**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**ANDREW J. GOYSOVICH,**

       **Plaintiff,**

**v.**                                  **Case No. 3:21-CV-81
(GROH)**

**SUPERINTENDENT SHAWN STRAUGHN,
SUPERINTENDENT KAREN PSZCZOLKOWSKI,
WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION, and
JOHN DOES,**

       **Defendants.**

## REPORT AND RECOMMENDATION

## I.     INTRODUCTION

Plaintiff filed his civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated his constitutional rights, by failing to protect him while he was incarcerated in a West Virginia state correctional institution.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed without prejudice for failure to state a claim.

## II.     FACTUAL AND PROCEDURAL HISTORY

On May 28, 2021, Plaintiff, by counsel, initiated this civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1. On June 22, 2021, Defendants filed a motion to dismiss the complaint for failure to state a claim and supporting memorandum. ECF Nos. 3, 4.[1]

Plaintiff filed an amended complaint on July 12, 2021. ECF No. 5. Therein,

---

[1] The motion to dismiss filed on June 22, 2021, was terminated as moot by order entered on August 30, 2021. ECF No. 10.

Plaintiff claims that while he was incarcerated at the Northern Regional Jail or Northern Regional Correctional facility in Moundsville, West Virginia, he was assaulted by fellow inmates, and that his injuries required hospitalization and surgery.  ECF No. 5.  The amended complaint asserts four grounds for relief: (1) that Defendant John Doe(s) failed to protect Plaintiff from attack and "a known risk of harm" [Id. at 7]; (2) that Defendant John Doe(s) failed to intervene to protect Plaintiff from assault by other inmates [Id. at 8 – 9]; (3) that Superintendent Defendants directed the John Doe(s) Defendants "to ignore inmate violence" and that the Superintendent Defendants "knew/should have known their policy or practice . . . would lead to violation of Plaintiff's rights." [Id. at 9 – 11]; and (4) that Superintendent Defendants failed to adequately train and/or supervise the John Doe(s) Defendants [Id. at 11 – 12].  Plaintiff requests that this Court "make a declaratory judgment stating that the Defendant(s) violated Plaintiff's rights, award compensatory and punitive damages, fees and costs" and any other relief the Court deems just and proper.  ECF No. 5 at 12.

Defendants filed a motion to dismiss the amended complaint on July 23, 2021.  ECF No. 6.  In the memorandum supporting that motion, Defendants argue that the amended complaint should be dismissed for failure to state a claim because: (1) Plaintiff's claims are speculative [ECF No. 7 at 3 – 6]; (2) the Division of Corrections and its employees who act in their official capacity are immune from § 1983 liability [Id. at 6]; (3) Defendants Straughn and Pszczolkowski are protected from liability under § 1983 because the doctrine of *respondeat superior* does not apply to such actions [Id. at 6 – 8] and (4) all Defendants are entitled to qualified immunity, which Defendants reserved the right to invoke if the Court rejected their other defenses [Id. at 8 – 9].

On August 27, 2021, Plaintiff filed a brief in opposition to Defendants' motion to dismiss.  ECF No. 9.  Therein, Plaintiff argued that: (1) Defendants' memorandum was "vexatious" and inaccurately represented the amended complaint [Id. at 4 – 6]; (2) the amended complaint contains sufficient facts to state a claim upon which relief may be granted [Id. at 6 – 7]; and (3) Defendants Straughn and Pszczolkowski are not entitled to immunity under the Eleventh Amendment for actions taken in their individual capacities [Id. at 8 – 9].

### III.  LEGAL STANDARD

#### A.    § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978).  In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

**B.      Supervisory Liability Under Eighth Amendment Claims**

"Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id. "A *Bivens* claim is brought against the individual official for his or her own acts, not the acts of others." Ziglar v. Abassi, 137 S.Ct. 1843, 1860 (2017).

As stated by the Fourth Circuit, because there is no *respondeat superior* liability under § 1983, supervisory liability lies only "where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." Vinnedge v. Gibbs, 550 F. 2d 926, 928 (4th Cir. 1997) (citing Bennett v. Gravelle, 323 F.Supp. 203, 214 (D. Md. 1971) aff'd 451 F.2d 1011 (4th Cir. 1971); Harris v. City of Virginia Beach, 11 Fed. Appx. 212, 215 (4th Cir. 2001). Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under §1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible. Fisher v. Washington Metropolitan Area Transit Authority, 690 F. 2d 1133 (4th Cir. 1982) (abrogated on other grounds by County of Riverside v. McLaughlin, 500 U.S. 44 (1991)).

"We have set forth three elements necessary to establish supervisory liability under § 1983: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that

knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."   Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994), Cert. denied, 513 U.S. 813 (1994) (citations omitted).

"To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff."   Shaw, 13 F.3d at 799, citing Slakan v. Porter, 737 F.2d 368, 373 (4th Cir. 1984).  "A plaintiff may establish deliberate indifference by demonstrating a supervisor's "continued inaction in the face of documented widespread abuses," however, a plaintiff claiming deliberate indifference "assumes a heavy burden of proof."   Shaw, 13 F.3d at 799.  "Causation is established when the plaintiff demonstrates an "affirmative causal link" between the supervisor's inaction and the harm suffered by the plaintiff."   Id.

### C.    Motions to Dismiss for Failure to State a Claim

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief."  <u>Conley</u>, 355 U.S. at 45-46.

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." <u>*Bell Atlantic Corp. v. Twombly*</u>, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face."  <u>Id.</u> at 555, 570.   In <u>Twombly</u>, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  <u>Id.</u> at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

 "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  <u>Id.</u> at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  <u>Id.</u> at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  <u>Id.</u> at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  <u>Republican Party of North Carolina v. Martin</u>, 980 F.2d 943,

952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d1130, 1134 (4th Cir. 1993); <u>see also</u> <u>Martin</u>, 980 F.2d at 952.

## IV.  ANALYSIS

A review of the complaint reveals that Plaintiff fails to present a claim upon which relief can be granted as to any Defendants.

### A.  Claims against Superintendent Defendants Straughn and Pszczolkowski

Because actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights," complaints in § 1983 actions must allege that some person has deprived a plaintiff of a federal right.  <u>Wyatt v. Cole</u>, 504 U.S. at 161; <u>Gomez</u>, 446 U.S. at 640.

Plaintiff named as defendants two individuals who are administrators and supervisors, Superintendent Shawn Straughn (Straughn) and Superintendent Karen Pszczolkowski.  However, Plaintiff fails to state a claim upon which relief may be granted to either of those Defendants.

A "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'" <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008), quoting <u>Bell Atl. Corp. v. Twombly</u> (emphasis added).  Plaintiff appears to allege that Straughn and Pszczolkowski were directly responsible for the failure to protect Plaintiff from inmate violence.   Defendants Straughn and Pszczolkowski, both

superintendents for the Division of Corrections, are clearly supervisors, however, Plaintiff fails to demonstrate how either were directly liable for his claimed injuries.

Although supervisory liability can be imposed on supervisors, a plaintiff must meet all prongs of the three-part test established in <u>Shaw</u>.  However, Plaintiff has failed to allege any facts to demonstrate that he can satisfy even the first prong of the Shaw test to demonstrate supervisory liability, let alone all three.  "To satisfy the requirements of the first element, a plaintiff must show the following: (1) the supervisor's knowledge of (2) conduct engaged in by a subordinate (3) where the conduct poses a pervasive and unreasonable risk of constitutional injury to the plaintiff."  13 F.3d at 799.  Plaintiff alleges a single instance of assault by other inmates while Plaintiff was incarcerated. He does not allege that his assault or resulting injuries were caused by conduct that posed a pervasive and unreasonable risk of injury.  As Plaintiff fails to satisfy the first prong of the <u>Shaw</u> test, it is unnecessary to address the remaining two elements[2].

Nonetheless, the Court notes that Plaintiff fails to allege any supervisory response to the alleged injuries, and without such, how the supervisory response demonstrated deliberate indifference.  Finally, the Court notes that Plaintiff fails to establish an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by Plaintiff.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983 as to Defendants Straughn and Pszczolkowski, this Court recommends that this matter be dismissed without prejudice as to those Defendants.

### B.     Claims against John Doe(s) Defendants

Further, Plaintiff fails to state a claim upon which relief may be granted against the

---

[2]  Plaintiff did not attempt to satisfy any of the prongs of the <u>Shaw</u> test.

John Doe(s) Defendants.  Plaintiff has failed to provide the names of those parties, as required by Federal Rule of Civil Procedure Rule 10(a), which requires that the "title of a complaint must name all the parties."  Second, Plaintiff is required to provide, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 55 (quoting Fed. R. Civ. P. 8(a)(2) and Conley v. Gibson, 355 U.S. 41, 47 (1957)).  Plaintiff's amended complaint identifies as Defendants "John Doe(s), unknown person or persons" [ECF No. 5 at 1], and further describes those Defendants as "John Doe(s) is/are an unknown individual or unknown group of individuals employed by the West Virginia Division of Corrections and Rehabilitation at the Northern Regional Jail/Northern Regional Correctional facility as prison officers/guards/supervisors at the times of the events described." [Id. at 3]. However, the amended complaint fails to name or otherwise identify an individual John Doe defendant[3] whom Plaintiff claims violated his civil rights.

Accordingly, because Plaintiff has failed to name or otherwise identify the "John Doe(s)" Defendants, and to make a short and plain statement of the claim showing that he is entitled to relief from "John Doe(s)", as required by Federal Rule of Civil Procedure 10(a), this matter should be dismissed without prejudice as to "John Doe(s)" for failure to state a claim.

## V.  RECOMMENDATION

For the foregoing reasons, this Court **RECOMMENDS** that the complaint [ECF No. 1] should be **DISMISSED WITHOUT PREJUDICE**, based on the failure to state a

---

[3] The Amended complaint fails to identify the "John Doe(s)" Defendants by name. In addition, Plaintiff fails to provide any descriptor or other means to identity of these John Doe(s) Defendants.

claim upon which relief can be granted.

It is further **RECOMMENDED** that Defendants' motion to dismiss [ECF No. 6] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.  Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:      October 8, 2021

_/s/ Robert W. Trumble_
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE