IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**ANDREW J. GOYSOVICH,**

    **Plaintiff,**

v.                                                                                           **CIVIL ACTION NO.: 3:21-CV-81
(GROH)**

**SUPERINTENDENT SHAWN STRAUGHN,
SUPERINTENDENT KAREN PSZCZOLKOWSKI,
WEST VIRGINIA DIVISION OF CORRECTIONS
AND REHABILITATION and JOHN DOES,**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble on October 8, 2021. ECF No. 11. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court dismiss the Plaintiff's Complaint without prejudice. The Plaintiff timely filed his objections to the R&R on October 21, 2021. ECF No. 12. Accordingly, this matter is now ripe for adjudication.

**I. BACKGROUND**

On May 28, 2021, Andrew J. Goysovich ("Plaintiff"), filed a Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The Plaintiff alleges the Defendants violated his constitutional rights by failing to protect him while he was incarcerated in a West Virginia correctional institution.

Upon reviewing the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims. For ease of review, the Court incorporates those facts herein.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of *de novo* review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984). Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection." LR PL P 12(b). The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-

2

recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." Id.; See also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. DISCUSSION

First, the Court notes that the Plaintiff does not object to the Magistrate Judge's recommendation that the named defendants (Superintendent Straughn, Superintendent Pszczolkowski, and West Virginia Division of Corrections) be dismissed without prejudice.

Accordingly, without objection to dismissal of the named defendants, the Court reviewed the R&R for clear error as to those Defendants, and finding none, the Court **ADOPTS** the R&R for the reasons more fully stated therein.

The Plaintiff's objection "pertains to the . . . dismissal of John Does." ECF No. 12 at 2. Plaintiff acknowledges his Amended Complaint "must meet the pleading standards provided within Federal Rule of Civil Procedure 10(a) . . . ." Id. However, the Plaintiff avers that "naming John Does is proper within the meaning of Fed[.] R. Civ. P. 10(a) and 8(a)(2) if the unknown individuals can be swiftly identified in discovery." Id. The Plaintiff urges this Court to adopt a position held by the Eighth Circuit, allowing John Doe defendants where "the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery." Id. at 3 (quoting Perez v. Does 1-10, 93 F.3d 641, 643 (8th Cir. 2019).

As the Defendants aptly note, "this Court has routinely adopted recommendations to dismiss claims against unnamed defendants, especially in relation to § 1983 claims." ECF No. 13 at 3 (citing Mays v. Hudgins, Civil Action No.: 3:20-CV-181, 2021 WL 4469646, at *8 (N.D. W. Va. June 9, 2021) R&R adopted 2021 WL 3598541 (N.D. W. Va. Aug. 13, 2021); Kuhbander v. Doe, Civil Action No.: 3:19-CV-167, 2020 WL 8371473, at *6 (N.D. W. Va. Dec. 22, 2020) R&R adopted 2021 WL 328852 (N.D. W. Va. Feb. 1, 2021); Garrett v. West Virginia Div. of Corr. & Rehab., No. 3:19-CV-185, 2020 WL 1862466, at *2 (N.D. W. Va. Apr. 14, 2020)).

Indeed, this Court does not find it appropriate for plaintiffs to proceed solely against unnamed defendants. Although the Court has considered the Eighth Circuit cases cited by Plaintiff, it remains unpersuaded by that authority, which it is not obligated to follow.

4

Finally, the Plaintiff asks the Court to allow discovery against the "unknown John Doe Defendants, ordering those Defendants to file an Answer to Plaintiff's Amended Complaint with[in] 21 days." ECF No. 12 at 4. How the Court could order unknown, unserved parties to answer within 21 days is perplexing and underscores the dilemma with allowing cases to proceed against unknown individuals. The Rules of Civil Procedure are clear. The Court is not unsympathetic to the Plaintiff's plight, but he is represented by counsel and must meet the threshold pleading requirements established for all litigants.

## IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 11] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Thus, the Plaintiff's Objection is **OVERRULED**. Further, the Defendant's Motion to Dismiss [ECF No. 6] is **GRANTED** and the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**. ECF No. 1.

The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein

**DATED:** February 24, 2022

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE